Pbarson, 0. J.
The will gives an estate to Mrs. Troy for her life, with a remainder in fee to the infant son, subject to a power of .sale by her in respect to all and every part of the property, in the event that, in her judgment, it should be necessary. This is a power appurtenant to her life estate; and the estate which, may be created by its exercise will'take effect'out, of the life estate given to her, as well as out of the remain ler.
A power of this description is construed more favorably than a naked power given to a stranger, or a power ap-pendant, because, as its exercise .will be in derogation of the estate of the person to whom it is given, it is less'apt to be resorted to injudiciously than one*given to a stranger, or one which does not affect the estate of the person to whom it is given,
*80 From the whole will it is clear the intention of the testator was t® confide in the judgment of "his wife, in respect to the necessity of selling property, either to pay Ms debts or for the support of herself, or for the support and education of their infant son ; and, for these purposes, (as long as she remains unmarried) he gives her as full power to sell as he would have himself, if living. There is no reason why this intention should not be allowed to take effect. The apprehension of the testator that, pos- • sibly, the power of sale conferred on his wife might be construed “ so as to vest in her the absolute title in fee simple was groundless ; for as an - estate is expressly. limited to her during the term of her natural life, and the remainder in -fee is also disposed of, there is no room foy construction. It follows that the provisional appointment of a trustee has no legal effect, and the defendant, Alex. J. Troy, has no estate pr interest in the property ; and these provisions'have no other effect than a -tendency to show the fulness of the power conferred; and that the object was to give his wife as ample power to sell, if, in her judgment, it was necessary for the purposes above stated, as-ifshe was the absolute owner.
The exercise of the power will vest in the purchaser an estate in fee simple, and' he will not be bound to see to the application of the purchase money. That will constitute a fund to be held by Mrs. Troy, in. trust for the payment of the debts of her husband ; and in trust for the support of herself and the support and education of the infant child. And in such payt as may not be required for these purposes, ‘she will take a life estate with remainder in fee to the child. Like all other trustees, she will be subject to the control- of a Court of Equity, in res *81 pect to t'ke proper application and management of the trust fund.
There will be a decree declaring the rights of the parties. The costs will be paid by the plaintiff, Mary Troy, out of the assets of the estate. . . • ‘ “